```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 ROYANNE WEISS & EUGENE WEISS,

                Plaintiffs,           MEMORANDUM & ORDER
                                      22-cv-03036 (EK)(SIL)

        -against-

 GOVERNMENT EMPLOYEES INSURANCE
 COMPANY,

                Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

        Generally speaking, an individual cannot assert rights under a contract to which he or she is not a party. There are, of course, a number of exceptions to this rule. One such exception appears in New York State's Insurance Law: it provides that a certain class of non-parties — namely, those who are injured by another person, win a judgment against that person, and nevertheless remain uncompensated for a specified period — may sue that person's insurance company directly, despite not being a signatory to the operative insurance policy.

        Plaintiff Royanne Weiss slipped and fell at a residential property that she and her husband rented from Laurent Vacca, Claire Vacca, and an entity called Carter Hill

LLC.[1]  Royanne and her husband Eugene — also a plaintiff here — sued the Vaccas and Carter Hill in New York State court and won a default judgment.  The text of the default judgment is sparse; notably, it established *liability* against the Vaccas and Carter Hill, but set forth nothing in respect of damages.  Without obtaining further relief or clarity, the Weisses filed a separate action — originally in state court, but subsequently removed here — seeking a declaratory judgment that the Vaccas' insurer, the Government Employees Insurance Company ("GEICO"), must satisfy the default judgment pursuant to New York's Insurance Law.

        Defendant GEICO now moves to dismiss for failure to state a claim, arguing that Section 3420 of New York's Insurance Law required the Weisses to satisfy certain state statutory prerequisites.  In particular, they argue that the Insurance Law requires the injured person to obtain an actual *money* judgment, not merely a determination of liability, before he or she can sue the insurer.  For the reasons set forth below, I agree with GEICO; accordingly, I grant the motion to dismiss.

---

[1] The underlying state court complaint alleged that both of the Vaccas and Carter Hill were party to the rental agreement.  Compl., Ex. B ¶ 22, ECF No. 1-1.  It is immaterial to this decision whether that characterization is accurate or not.

## I. Background

The following recitation is taken from the complaint and its exhibits, including the complaint in the action against the Vaccas and Carter Hill.[2]

GEICO issued the policy at issue to the Vaccas for the period of June 20, 2020, to June 20, 2021. Compl. ¶ 6, ECF No. 1-1. Ms. Weiss alleges that she injured herself on August 13, 2020, during this period of coverage. *Id.* ¶ 6.

On April 1, 2021, the Weisses sued the Vaccas and Carter Hill in Kings County Supreme Court. Compl., Ex. B.[3] The Weisses obtained the default judgment noted above on December 9, 2021. *Id.*, Ex. A at 2. The judgment is only two sentences long; the relevant sentence states: "Cross-motion for default judgment (Motion Seq. No. 3) is GRANTED against all Defendant [sic]." *Id.* It does not address damages. *See id.*[4]

---

[2] This order may take judicial notice of the court filings in the underlying state action only "to establish the fact of such litigation and related filings." *Rates Tech. Inc. v. Speakeasy, Inc.*, 685 F.3d 163, 167 (2d Cir. 2012).

[3] The complaint in that action alleges that the Vaccas are members of Carter Hill, and that Carter Hill was the "titled owner" of the rental property. Compl., Ex. B ¶¶ 5-6. The complaint against GEICO refers to the Vaccas and Carter Hill collectively as the property's "owners." Compl. ¶ 5.

[4] The other sentence reads: "After oral argument, motion to renew (Motion Seq. No. 2) is DENIED." *Id.*

In July 2022, the New York court denied the Vaccas and Carter Hill's motion to vacate this default judgment. Decision & Order on Mot., *Weiss v. Vacca*, No. 507836/2021 (July 29, 2022), NYSECF No. 139. The Vaccas and Carter Hill appealed both the default judgment on liability and denial of their motion to vacate, and these appeals appear to remain pending before the New York courts' Appellate Division. *Weiss v. Vacca*, No. 2022-06304 (N.Y. App. Div. 2d Dep't Aug 2, 2022).

In March 2022, GEICO disclaimed coverage for "various parts of" the Weisses' claims against the Vaccas and Carter Hill. *Id.* ¶ 8. In response, the Weisses sued GEICO in Kings County Supreme Court on April 18, 2022, seeking a declaration that GEICO's disclaimer was untimely. *Id.* ¶¶ 12-15.

GEICO timely removed that action here based on complete diversity. Notice of Removal ¶¶ 1-3, ECF No. 1. GEICO now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## II. Legal Standard

On a motion to dismiss under Rule 12(b)(6), "the court's task is to assess the legal feasibility of the complaint." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). In doing so, the Court "must take the facts alleged in the complaint as true, drawing all reasonable inferences in [the plaintiff's] favor." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 91 (2d Cir. 2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Discussion

### A. Subject Matter Jurisdiction

This Court has diversity jurisdiction under 28 U.S.C. §§ 1332(a) and 1441 because the Weisses and GEICO are of diverse

citizenship (New York and Nebraska respectively) and the amount in controversy exceeds $75,000 (the Weisses seek damages greater than $4 million).  Notice of Removal ¶¶ 13-19.

        Still, a word about the plaintiffs' standing is in order.  Standing in federal court is judged by federal, not state, standards of justiciability.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985) ("Standing to sue in any Article III court is, of course, a federal question which does not depend on the party's prior standing in state court.").  And it is now settled that "plaintiffs cannot establish Article III standing by relying entirely on a statutory violation." *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 64 (2d Cir. 2021) (citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2214 (2021)).  Plaintiffs must plead an injury in fact, causation, and redressability.  And the injury they invoke must have "a close historical or common-law analogue." *TransUnion*, 141 S. Ct. at 2203-04.

        Under the common law of New York,[5] an injured party did *not* have a direct cause of action against a tortfeasor's insurer. *Lang v. Hanover Ins. Co.*, 820 N.E.2d 855, 856 (N.Y. 2004).  "When a plaintiff acquired a judgment against the

---

[5] Where, as here, "the parties agree that New York law controls, this is sufficient to establish choice of law." *Federal Ins. Co. v. Am. Home Assur. Co.*, 639 F.3d 557, 566 (2d Cir. 2011).

5

insured[,] . . . the plaintiff could not sue the insurance company directly because there was no privity of contract between plaintiff and the insurance carrier." *Id.*[6]

Section 3420 created an exception to this bar. *See Lang*, 820 N.E.2d at 858. Originally enacted in 1917, it modified New York common law to create "a limited statutory cause of action on behalf of injured parties directly against insurers." *Id.* at 857.[7] So the cause of action underlying the Weisses' request for declaratory relief here is a creature of statute.

Still, the Weisses will have standing to sue if there is a close historical or common-law analogue to their alleged injury — namely, GEICO's refusal to pay them insurance proceeds under a policy to which they are not party.[8] "In looking to whether a plaintiff's asserted harm has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts, we do not require an exact

---

[6] *See also Nationwide Mut. Fire Ins. Co. v. Rankin*, 99-CV-591C, 2000 U.S. Dist. LEXIS 20035, *8 (W.D.N.Y. Nov. 6, 2000) (under New York law, "[the tort victim] is not a party to the Nationwide insurance contract with [the tortfeasor], he is not in contractual privity with Nationwide, and he is not a third-party beneficiary under that contract").

[7] Satisfying Section 3420's requirements is the only way New York law allows a tort victim to obtain damages or declaratory relief against the tortfeasor's insurer. *See id.* at 858 (noting that New York's declaratory judgment statute does not separately permit such actions).

[8] The relevant injury under this analysis is not, of course, Ms. Weiss' physical injury from the slip-and-fall, as that injury is not "fairly traceable to [GEICO's] allegedly *unlawful* conduct" — namely, the act of disclaiming coverage. *California v. Texas*, 141 S. Ct. 2104, 2116 (2021).

6

duplicate." *TransUnion*, 141 S. Ct. at 2209.  Thus, in *TransUnion*, the Court held that some plaintiffs had standing to sue a credit reporting agency for publishing misleading credit reports about them because their injury was sufficiently analogous to the "harm associated with the tort of defamation." *See id*.  These plaintiffs' harm was close enough to defamation, even if not identical; the Court allowed them to proceed despite the allegation that their credit reports "were only misleading and not literally false," as would have been required for a defamation claim at common law.  *Id.*

Under this standard, the fact that New York's common-law did not contain an "exact duplicate" of the Weisses' Section 3420 claim is not prohibitive.  It is enough that, at a modestly higher level of generality, the contract law of New York has recognized third-party beneficiary rights for centuries, as other states' law has, and as did the English courts before them.  *See, e.g.*, *Schermerhorn v. Vanderheyden*, 1 Johns. 139, 140 (N.Y. Sup. Ct. 1806) ("[W]e are of [the] opinion, that where one person makes a promise to another for the benefit of a third person, that third person may maintain an action on such promise."); *see generally* Melvin Aron Eisenberg, *Third-Party Beneficiaries*, 92 Colum. L. Rev. 1358, 1360-61 (1992) (noting that modern third-party beneficiary doctrine can be traced to 17th-century England).  The Weisses' claim against GEICO is

7

analogous to a common-law contract claim by a third-party beneficiary.

Thus, the Weisses' alleged injury is sufficient for federal standing.

**C.    The Weisses Cannot Maintain This Action Because Section 3420 Requires a Money Judgment**

Under Section 3420, "an action may be maintained . . . against the insurer [by] . . . any person who . . . has obtained a *judgment* against the insured . . . for damages for injury sustained . . . during the life of the policy or contract." N.Y. Ins. Law § 3420(b) (emphasis added). However, this section is "subject to the limitations" of Section 3420(a)(2), which include that the "judgment against the insured . . . shall *remain unsatisfied* at the expiration of thirty days from the serving of notice of entry of judgment upon . . . the insurer . . . ." *Id.* § 3420(a) (emphasis added).[9]

Therefore, an "unsatisfied" "judgment" is a "condition precedent" to commencing a direct action against a tortfeasor's insurer.  *Lang*, 820 N.E.2d at 858; *see also id.* (Section 3420

---

[9] A federal court sitting in diversity applies state substantive law and federal procedural law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Here, the thirty-day rule under Section 3420 is "substantive." *NAP, Inc. v. Shuttletex, Inc.*, 112 F. Supp. 2d 369, 372 (S.D.N.Y. 2000); *cf. State Trading Corp. of India v. Assuranceforeningen Skuld*, 921 F.2d 409, 410, 416 (2d Cir. 1990) ("[T]he right created by a direct action statute" that "permits a judgment creditor to directly sue the judgment debtor's insurance carrier" is "substantive" rather than "procedural" for choice-of-law purposes.).

8

"grants an injured party a right to sue the tortfeasor's insurer, but . . . the injured party *must* first obtain a judgment against the tortfeasor . . . .") (emphasis added); *accord Wadsworth v. Allied Pros. Ins. Co.*, 748 F.3d 100, 105 (2d Cir. 2014) (same).

There is also Section 3420's language authorizing an action "against the insurer . . . for the *amount of* such judgment." N.Y. Ins. Law § 3420(a)(2) (emphasis added). There is no "amount of" a judgment running only to liability. State and federal courts have recognized as much: in *Lang*, the New York Court of Appeals held that Section 3420 requires "an injured party [to] *await payment* for 30 days." 820 N.E.2d at 858 (emphasis added). Likewise, in *Rankin,* a federal court held that "[w]ithout a money judgment . . . against [the tortfeasor] in the underlying action," the injured party "has no interest" in the litigation between the tortfeasor and his insurer "because, under section 3420, his interest is premature." 2000 U.S. Dist. LEXIS 20035, at *10. Therefore, a default judgment on liability alone does not satisfy the requirements of Section 3420.

The Weisses' failure to obtain a money judgment warrants dismissal. *See id.* at *15 (denying victim-creditor's motion to intervene absent a money judgment); *Knox v. Ironshore Indem. Inc.*, No. 20-CV-4401 (DLC), 2021 WL 256948, at *3

9

(S.D.N.Y. Jan. 26, 2021) ("Since the prerequisites to suit under the New York direct action statute are not satisfied, Plaintiffs have not stated a claim for relief . . . ."). Dismissal, not stay, is the appropriate remedy when a prerequisite to suit, or element of the claim, has not been pled. This conclusion flows from, among other places, the Supreme Court's admonition to the district judge in *Edwards v. Balisok*, 520 U.S. 641, 649 (1997). In remanding, the Court noted that the district judge had erred by staying a case instead of dismissing when a prerequisite to suit — there, judicial invalidation of an administrative proceeding — had not been established. *Id.* Absent that prerequisite, the case was "not cognizable" and "should [have been] dismissed." *Id.*

### IV. Conclusion

The complaint is dismissed. The Clerk of the Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

                             /s/ Eric Komitee
                             ERIC KOMITEE
                             United States District Judge

Dated:   July 31, 2023
         Brooklyn, New York